IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS EUGENE SAUNDERS,

    Petitioner,                                    No. CIV S-06-734 MCE CHS P

    vs.

TOM L. CAREY,

    Respondent.

<u>ORDER VACATING FINDINGS AND RECOMMENDATIONS</u>

         Petitioner Saunders, a state prisoner, proceeds pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2004 decision by former Governor Schwarzenegger reversing a 2003 decision of the state parole authority that he was suitable for parole. On February 20, 2009, findings and recommendations issued herein, recommending that the petition be granted. On May 29, 2009, the action was administratively stayed pending the Ninth Circuit's decision in *Hayward v. Marshall*, 603 F.3d 546, 562 (9th Cir. 2010) (en banc). The *Hayward* decision was filed on April 22, 2010, and subsequently abrogated by the United States Supreme Court. *See Swarthout v. Cooke*, No. 10-333 (U.S. Jan. 24, 2011) (per curiam). In light of these developments, the administrative stay was lifted in the court's order of January 29, 2011.

1

In *Hayward v. Marshall*, the United States Court of Appeals for the Ninth Circuit directed "courts in this circuit [to] decide whether the California judicial decision approving the governor's decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hayward v. Marshall*, 603 F.3d 546, 562-63 (9th Cir. 2010) (citations omitted). Subsequently, however, in *Swarthout v. Cooke*, No. 10-333, slip op. at 4-5 (U.S. January 24, 2011), the United States Supreme Court held that a federal court's inquiry into whether an inmate in California received due process in the context of a parole suitability hearing is strictly procedural. *Id*. at 6. That is, federal courts must not review parole decisions in California for compliance with the state's "some evidence" requirement. Rather, under federally protected law, an inmate is only entitled to an opportunity to be heard and a decision informing him of the reasons he did not qualify for parole. *See Swarthout*, slip op. at 4-5 (citing *Greenholtz*, 442 U.S. at 16).

In light of this new controlling Supreme Court authority, IT IS HEREBY ORDERED THAT the pending findings and recommendations of February 20, 2009 are VACATED. New findings and recommendations will issue shortly; respondent's pending motion to dismiss will be addressed therein.

DATED: February 2, 2011

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE