IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS EUGENE SAUNDERS,

           Petitioner,                    No. CIV S-06-734 MCE CHS P

     vs.

TOM L. CAREY,

           Respondent.        FINDINGS AND RECOMMENDATIONS

_____/

I.  INTRODUCTION

         Petitioner Thomas Eugene Saunders, a state prisoner, proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.  At the time the petition was filed, he was serving a prison term of 15 years to life resulting from a 1988 second degree murder conviction in the Colusa County Superior Court.  The petition challenges Governor Schwarzenegger's 2004 reversal of a decision of the state parole authority that petitioner was suitable for parole.[1]  On November 2, 2010, respondent filed a motion to dismiss which is still pending.

/////

_____

[1] These findings and recommendation supercede the February 20, 2009 findings and recommendations, which were vacated on February 2, 2011.

1

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In 1988, petitioner pleaded guilty to one count of second degree murder and was sentenced to 15 years to life with the possibility of parole.  His term began on March 10, 1988.  On October 17, 2003, at his third subsequent parole suitability hearing, a panel of the Board of Prison Terms found him suitable for parole.  On March 15, 2004, Governor Schwarzenegger invoked his authority pursuant to article V, section 8, subdivision (b) of the California Constitution, to reverse the grant of parole.  Petitioner pursued relief without success in the California state courts, after which this action was filed.

On November 2, 2010, respondent filed a motion to dismiss this case pursuant to 28 U.S.C. § 2254, Rule 4, on the ground that it has become moot because petitioner has been paroled.  Petitioner has failed to oppose or otherwise respond to the motion.

## III.  MOOTNESS

Rule 4 of the Rules Governing Section 2254 Cases provides, in relevant part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A case or controversy must exist throughout all stages of litigation.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot.  *Id*. at 7.

An exception to the mootness doctrine applies to claims that are "capable of repetition , yet evading review."  *Spencer*, 523 U.S. at 17.  To invoke this exception, it must be shown that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there [is] a reasonable expectation that the same complaining party will be subjected to the same action again."  *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 774 (1978) (citation omitted).  "A mere speculative possibility of repetition is not

1    sufficient." *Williams v. Alioto*, 549 F.2d 136, 143 (9th Cir. 1977). "There must be a cognizable

2    danger, a reasonable expectation, of recurrence for the repetition branch of the mootness

3    exception to be satisfied." *Id*.

4            Where a petitioner challenges the denial of parole but is later paroled, the claim is

5    moot. *See Brady v. U.S. Parole Comm'n*, 600 F.2d 234, 236 (9th Cir. 1979). "Overwhelmingly,

6    the rule followed by both California and federal courts is to deny a pending habeas petition as

7    moot if the prisoner is released from prison, and § 3000.1[2] is applicable to his or her case." *Rios*

8    *v. Mendoza-Powers*, 2010 WL 1032696 (E.D. Cal. 2010) (citing collected cases) (citation

9    omitted).

10           Respondent has provided evidence that petitioner has been released to parole

11   following a subsequent favorable decision by the state parole authority which the governor

12   declined to review. Respondent asserts this action should therefore be dismissed as moot.

13   Petitioner has failed to (a) rebut the evidence that he was paroled, (b) provide legal authority to

14   the contrary, or (c) allege an exception to the mootness doctrine or continuing adverse

15   consequences. Because petitioner has been paroled, the petition is moot.[3] *See Burnett v.*

16   *Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005) (a habeas petition becomes moot where the

17   petitioner's injury cannot be redressed by a favorable decision). Respondent's motion to dismiss

18

19           [2] Section 3000.1(a)(1) of the California Penal Code provides "In the case of any inmate
20   sentenced under Section 1168 for any offense of first or second degree murder with a maximum
     term of life imprisonment, the period of parole, if parole is granted, shall be the remainder of the
21   inmate's life." Here, petitioner was convicted of second degree murder and sentenced to state
     prison for fifteen years to life.

22           [3] In light of recent United States Supreme Court authority, it appears that petitioner would
23   not be entitled to relief in any event. *See Swarthout v. Cooke*, No. 10-333 (S. Ct. January 24,
     2011) (Although California's parole statutes give rise to a liberty interest in parole protected by
24   the federal due process clause, the protection afforded by the federal due process clause consists
     solely of the "minimal" procedural requirements set forth in *Greenholtz v. Inmates of Neb. Penal*,
25   442 U.S. 1, 7 (1979) , specifically "an opportunity to be heard and... a statement of the reasons
     why parole was denied." *Id*., slip op. at 2-3. The record reflects that Saunders was present at his
26   October 17, 2003 parole suitability hearing, that he participated in the hearing, and that he was
     provided with the reasons for the governor's subsequent decision to reverse the grant of parole.

should be granted.

## V.  CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that respondent's November 2, 2010 motion to dismiss be GRANTED, and the petition for writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 14, 2011

*Charlene H. Sorrentino*
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE